# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORWOOD PROMOTIONAL PRODUCTS | : | Case No. 09-11547 (PJW) |
| HOLDINGS, INC., *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. ___** |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MAY 14, 2009

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Norwood Promotional Products Holdings, Inc. ("Norwood") and certain direct or indirect subsidiaries, as debtors and debtors-in possession (collectively, the "Debtors"), for entry of an order authorizing the employment and retention of Arent Fox LLP ("Arent Fox") as counsel to the Committee, *nunc pro tunc* to May 14, 2009, pursuant to Sections 504 and 1103(a) of Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and upon the Declaration of Andrew I. Silfen (the "Silfen Declaration") in support of the Application; and it appearing that Arent Fox represents no interest adverse to the Committee, the

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Norwood Promotional Products Holdings, Inc. (9391); Norwood Promotional Products, Inc. (4534); Norwood Operating Company, LLC (3446); Advertising Unlimited, LLC (4435); The McCleery-Cumming Company, LLC (2652); and Renaissance Publishing Company, LLC (2740). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 10 W. Market Street, Suite 1400, Indianapolis, Indiana 46204.

Debtors, the Debtors' estates, or their creditors with respect to the matters for which Arent Fox is to be engaged, that Arent Fox is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code, and that the employment and retention of Arent Fox is necessary and in the best interests of the estates; and good and adequate notice of the Application having been given, and after due deliberation and sufficient cause appearing; therefor, it is hereby

ORDERED, that the Application is APPROVED and GRANTED; and it is further

ORDERED, Arent Fox's employment is necessary and in the best interests of the Debtors' estates, and creditors; and Arent Fox's hourly rates for its paralegals and attorneys set forth in the Silfen Declaration are reasonable; and it is further

ORDERED, that pursuant to Section 1103 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 5002 and Local Bankruptcy Rule 2014–1, the Committee is hereby authorized and empowered to employ and retain Arent Fox LLP as its counsel, effective *nunc pro tunc* to May 14, 2009, on the terms and conditions set forth in the Application and the Silfen Declaration, and the retention of Arent Fox LLP as counsel in accordance with Arent Fox's normal hourly rates and disbursement policies as set forth in the Silfen Declaration is hereby approved, except as expressly provided herein; and it is further

ORDERED, that compensation and reimbursement of expenses to be paid to Arent Fox LLP shall be paid as an administrative expense of the Debtors' estates in such amounts as shall be allowed and determined upon appropriate applications to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules, the United States Trustee Guidelines for fees, and all orders and such other procedures as may be fixed by the Court; and it is further

ORDERED, that compensation and reimbursement of expenses for Dr. Haishan Liu as Chinese language translator for the Committee shall be subject to 11 U.S.C. § 503(b)(3)(F) and may be sought in the fee application filed by Committee counsel; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009
      Wilmington, DE

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge