**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| NORWOOD PROMOTIONAL PRODUCTS | ) Case No. 09-11547 (PJW) |
| HOLDINGS, INC., et al.,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Norwood Promotional Products Holdings, Inc. and its subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in and comprise an integral part of, the Schedules and Statements for each of the Debtors. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.

These Global Notes are in addition to any specific notes contained in any individual Debtor's Schedules or Statements. The fact that the Debtors have prepared a "Global Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such note to any remaining Schedules and Statements, as appropriate.

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Norwood Promotional Products Holdings, Inc. (9391); Norwood Promotional Products, Inc. (4534); Norwood Operating Company, LLC (3446); Advertising Unlimited, LLC (4435); The McCleery-Cumming Company, LLC (2652); and Renaissance Publishing Company, LLC (2740). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 10 W. Market Street, Suite 1400, Indianapolis, Indiana 46204.

## A.    Description of the Cases

1.      On May 5, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 7, 2009, the Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b).  On May 14, 2009, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee").

## B.    Corporate Structure

2.      Norwood Promotional Products Holdings, Inc. ("Holdings") currently owns 100% of the common stock of Norwood Promotional Products, Inc. ("NPPI").  Holdings has no operations and no assets other than NPPI's common stock.  NPPI, in turn, is the sole equity holder of Norwood Operating Company, LLC, a Delaware limited liability company, which in turn owns 100% of the common stock of Advertising Unlimited, LLC, a Minnesota limited liability company, The McCleery-Cumming Company, LLC, an Iowa limited liability company and Renaissance Publishing Company, LLC, an Indiana limited liability company.

## C.    Basis of Presentation

3.      The Debtors' books and records have historically been kept on a consolidated basis rather than by legal entity.  For purposes of the Schedules and Statements, however, the Debtors have attempted, to the maximum extent reasonably practicable under the circumstances, to attribute and describe the assets and liabilities of each Debtor entity.  Because of the consolidated nature of the Debtors' bookkeeping, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements.  Additionally, it is possible that the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for public reporting purposes or otherwise.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not and shall not be deemed or construed as an admission or determination that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not and shall not be deemed or construed as an admission or determination by the Debtors that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

## D.    Consolidation of Certain Information

4.      In the ordinary course of their business, the Debtors utilize a consolidated cash management system consisting of approximately 34 active and inactive bank accounts.  The Debtors manage the cash within the cash management system by transferring funds among bank accounts as needed based on cash receipts and disbursements.  The Debtors described the consolidated cash management system in detail in the *Motion of the Debtors for Entry of An Order Authorizing the Debtors to (a) Continue Using Their Existing Cash Management System,*

K&E 14936591.6

*Bank Accounts and Business Forms and (b) Maintain Existing Investment and Deposit Practices*
[Docket No. 5]. The Bankruptcy Court authorized the Debtors to continue using their cash management system by order entered May 7, 2009 [Docket No. 151]. As such, although to the maximum extent reasonably practicable under the circumstances, best efforts have been made to attribute open payable amounts and/or payments to the correct legal entity, the Debtors expressly reserve all rights to amend, modify or supplement their Schedules and Statements to attribute such payable to a different Debtor entity, as necessary and appropriate in their business judgment. Payments are listed by the entity making such payment notwithstanding that certain payments will have been made on behalf of another entity.

5.    Additionally, the Debtors have used their best efforts, to the maximum extent reasonably practicable under the circumstances, to indicate, as applicable, information that is provided on a consolidated basis in the applicable Schedule and/or Statement. The listing of information on a consolidated basis is not and shall not be deemed or construed as an admission or determination by the Debtors as to the appropriateness of substantive consolidation. The Debtors expressly reserve all rights to amend, modify or supplement any Schedules and Statements that reflect information on a consolidated basis in order to list such information on an unconsolidated basis and vice-versa, as necessary and appropriate in their business judgment.

## E.    Intercompany Claims

6.    Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable. Given the significant volume and ordinary course nature of such transactions, the Debtors have used their best efforts, to the maximum extent reasonably practicable under the circumstances, to list such transactions in the Schedules and Statements. The listing of such intercompany accounts payable and receivable is not and shall not be deemed or construed as a characterization of such payments as debt, equity or otherwise. Additionally, certain intercompany claims may be disputed, and any amounts listed in the Schedules is not and shall not be deemed or construed as an admission or determination by the Debtors of the validity thereof, and the Debtors reserve all rights to later change the characterization, classification, categorization or designation of such intercompany claims, including, without limitation, by designating all or a portion of amounts listed as secured, as necessary and appropriate in their business judgment.

## F.    Insiders

7.    For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as directors, officers, those in control of the Debtors and relatives of directors, officers or persons in control of the Debtors. Payments to insiders are set forth on Statement 3c. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to, without limitation, (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, federal securities laws, with respect to any theories of liability or for any other purpose.

K&E 14936591.6

## G. Excluded Accruals/GAAP Entries

8. Although the Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Statements and Schedules neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise. In particular, certain deferred charges, accruals and/or accounts or reserves recorded for GAAP reporting purposes only and assets with a net book value of zero may or may not be included in the Schedules and Statements. Because accruals and estimates of long-term liabilities either are not payable at this time or have not yet been reported, they do not represent specific claims as of the Petition Date and, therefore, are not set forth in the Statement and Schedules.

## H. Summary of Significant Reporting Policies

9. The Schedules and Statements were signed by Keith A. Maib, the current Executive Vice President, Chief Financial Officer and Treasurer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Maib has necessarily relied upon the efforts, statements and representations of the Debtors' other personnel and professional advisors. Mr. Maib has not (and could not have) personally verified the accuracy of each and every statement and representation in the Schedules and Statements, including, without limitation, statements and representations concerning amounts owed to creditors. In addition, the following conventions were adopted by the Debtors in preparing the Schedules and Statements:

   i. <u>Currency</u>. Unless otherwise indicated, amounts scheduled or otherwise listed in the Schedules and Statements are reflected in U.S. dollars. Where necessary, amounts were converted from foreign currency to U.S. dollars at the rate applicable as of the date of preparation hereof.

   ii. <u>Reporting Date</u>. Where reasonably practicable, amounts in the Schedules and Statements are as of the close of business on the Petition Date, including on Schedules B1, B2, B16, D, E and F, and Statements 3b, 3c, 9 and 23. Certain other amounts, however, are as of the close of business on May 2, 2009, the date of closing of the Debtors' books and records.

   iii. <u>Book Value</u>. Because current market valuations are not maintained or readily available to the Debtors in the majority of instances, it would be prohibitively expensive and unduly burdensome for the Debtors to obtain current market valuations of their assets, liabilities and other property interests. Thus, unless otherwise indicated, the Schedules and Statements reflect the net book values rather than current market values of the Debtor's assets and liabilities as of the Petition Date or May 2, 2009, as applicable, and for this reason, amounts ultimately realized may and likely will vary, in some instances materially, from net book value.

K&E 14936591.6

iv.	Paid Claims.  Pursuant to various first-day and second-day orders (the "First Day Orders"), the Bankruptcy Court authorized the Debtors to pay certain outstanding prepetition claims, relating to, among other things, employee wages and benefits, taxes and fees, customer programs, critical vendors and shippers and warehousemen.  Unless otherwise indicated, the Schedules reflect (and may not list) prepetition obligations satisfied pursuant to such First Day Orders prior to the date of preparation hereof.  The Debtors may also pay some of the claims listed on the Schedules in the ordinary course of business during these chapter 11 cases pursuant to the First Day Orders or other Bankruptcy Court order.  To the extent claims listed on the Schedules have been or will be paid pursuant to a Bankruptcy Court order, First Day Order or otherwise, the Debtors expressly reserve all rights to amend, modify or supplement their Schedules and Statements to reflect the same, as necessary and appropriate in their business judgment.  Moreover, certain of the First Day Orders preserve the rights of certain parties in interest to dispute amounts paid pursuant thereto, and nothing herein or in the Schedules and Statements is or shall be deemed to alter such rights to the extent so preserved.

v.	Setoffs, Credits and Adjustments.  The Debtors routinely incur setoffs and other similar rights from customers and suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from, among other things, intercompany transactions, rebates, pricing discrepancies, returns, warranties and other disputes between the Debtors and their customers and suppliers.  Similarly, claims for goods, products, services or taxes, among others, are listed as the amounts entered on the Debtors' books and records, and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  Such setoffs, credits, adjustments and similar transactions are consistent with industry practice.  Because documentation relating to the foregoing is particularly voluminous, scheduling the forementioned ordinary course transactions would be prohibitively expensive and unduly burdensome for the Debtors.  As such, setoffs, credits, adjustments and the like, even those that may have been accounted for by the Debtors in scheduling certain amounts, may or may not have been excluded from the Schedules and Statements, and the Debtors reserve all rights with regard thereto, including the right to assert claims objections and/or setoffs in respect of the same.

vi.	Leases.  In the ordinary course of business, the Debtors obtain furniture, fixtures and equipment for use in their day-to-day operations from third-party lessors pursuant to contractual operating lease arrangements.  The property subject to such leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third parties within the control of the Debtors.  To the extent the Debtors are parties to any capital leases, the Debtors have included such leases in Schedule B as personal property and treated such leases as executory contracts listed on Schedule G.  The listing of such leases in the

Schedules is not and shall not be deemed or construed as an admission or determination by the Debtors as to the legal status of any lease (including, without limitation, whether any such lease is a true lease or a financing arrangement), and the Debtors reserve all rights to assert that scheduled capital leases, if any, constitute secured financings as opposed to unexpired leases, as necessary and appropriate in their business judgment.

vii.    <u>Assumed Liabilities</u>.  On June 19, 2009, the Bankruptcy Court entered an order [Docket No. 242] (the "<u>Sale Order</u>"), by which the Bankruptcy Court, among other things: (a) authorized the consummation of the sale of substantially all of the assets of the Debtors and related transactions contemplated under the asset purchase agreement (the "<u>APA</u>") by and among the Debtors and the Purchaser; (b) approved the APA annexed as Exhibit B to the Sale Order in its entirety; and (c) authorized the transfer of the Purchased Assets to the Purchaser free and clear of all Interests of any kind whatsoever pursuant to section 363(f) of the Bankruptcy Code, except for the Assumed Liabilities enumerated in Section 2.3 of the APA. The sale closed on July 3, 2009.  Because many of the Assumed Liabilities include liabilities listed in the Schedules and Statements, the Debtors have used their best efforts, to the maximum extent reasonably practicable under the circumstances, to schedule such liabilities as contingent. However, inadvertent errors, omissions or inclusions may nevertheless have occurred and, thus, the Debtors expressly reserve all rights to amend, modify or supplement their Schedules and Statements to reflect the same, as necessary and appropriate in their business judgment.[2]

## I.    Undetermined Amounts

10.    The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

## J.    Totals

11.    The asset totals listed on Schedules A and B and the liability totals listed on Schedule D represent known amounts included in the Debtors' books and records as of the Petition Date or May 2, 2009, as applicable.  As above-noted, the liability totals listed on Schedule E and F reflect postpetition payments on prepetition claims made pursuant to First Day Orders, and therefore reflect the totals of known claim amounts included in the Debtors' books and records as of the date of preparation hereof.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

---

[2]    Capitalized terms used but not otherwise defined in this paragraph have the meaning set forth in the Sale Order.

K&E 14936591.6

**K.      Guaranties and Other Secondary Liability Claims**

12.      While, to the maximum extent reasonably practicable under the circumstances, the Debtors have used their best efforts to identify guaranties and other secondary liability obligations (the "Guaranties") in their executory contracts, unexpired leases, secured financing agreements, debt instruments and other such documents, the Debtors' review thereof, especially their leases and contracts, is still ongoing.  To that end, while Guaranties with respect to the Debtors' secured financings and debt instruments are reflected for the primary obligor and the guarantors on Schedule H, unless otherwise indicated, such obligations are not reflected on Schedule H with respect to the Debtors' contracts and leases.  To the extent the latter Guaranties have been identified but were inadvertently omitted, the Debtors expressly reserve all rights to amend, modify or supplement their Schedules and Statements to reflect the same, as necessary and appropriate in their business judgment.

**L.      Reservation of Rights**

13.      Reliance on Financials.  The Schedules and Statements have been prepared by the Debtors' management, with the assistance of their advisors and counsel, and remain subject to further review, verification and potential adjustment.  The Schedules and Statements are unaudited, and, in preparing the Schedules and Statements, the Debtors relied on the financial data derived from their books and records maintained in the ordinary course of their business available at the time of preparation hereof.  Although the Debtors have used their best efforts, to the maximum extent reasonably practicable under the circumstances, to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors, omissions or inclusions may nevertheless have occurred.  In addition, future or further discovery may yield information that changes, perhaps materially, the Schedules and Statements.  The Debtors expressly reserve all rights to amend, modify or supplement their Schedules to reflect the same, as necessary and appropriate in their business judgment.

14.      Estimates.  To timely close their books and records as of the Petition Date and prepare the information underlying their Schedules and Statements on an entity-by-entity basis, the Debtors were required to make certain estimates and assumptions that affect the amounts of assets, revenue and expenses reported as of the Petition Date.  The Debtors expressly reserve all rights to amend, modify or supplement their Schedules and Statements to reflect changes to any reported amounts of assets, revenue and/or expenses to reflect changes in any estimates and assumptions made with respect thereto, as necessary and appropriate in their business judgment.

15.      Disclaimer.  As stated herein, despite the Debtors' best efforts to provide accurate and complete information in the Schedules and Statements, inadvertent errors or omissions may nevertheless still exist, and neither the Debtors nor their agents nor their attorneys and advisors guarantee or warrant the accuracy, completeness or currentness of the data provided in the Schedules and Statements.  To that end, and notwithstanding anything herein to the contrary or otherwise, the Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or recategorize the information provided in the Schedules and Statements.  Accordingly, in no event and under no circumstances shall the Debtors and/or their agents, attorneys and advisors be liable for any loss or injury arising out of, or caused in whole or in part by, any acts, errors or omissions, whether negligent or otherwise, with respect to

procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Moreover, the Debtors and/or their agents, attorneys and advisors shall in no way be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, without limitation, damages based upon or arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

16.     No Waiver.  Nothing contained in the Schedules and Statements or these Global Notes is or shall be deemed or construed as a waiver of any of the Debtors' rights, defenses or claims, or an admission or determination by the Debtors with respect to, among other things, these chapter 11 cases, including, without limitation, any issues involving objections to claims, equitable subordination, substantive consolidation, defenses, assumption or rejection or characterization or recharacterization of contracts or leases under section 365 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

17.     Claims Description.  Any failure to designate a claim listed on the Schedules as "contingent," "unliquidated" or "disputed" is not and shall not be deemed or construed as an admission or determination by the Debtors that such amount is not "contingent," "unliquidated" or "disputed" or as a waiver of any rights of the Debtors to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on their Schedules as to the amount, liability or classification thereof, or to otherwise subsequently-designate any claim listed on their Schedules as "contingent," "unliquidated" or "disputed."  Further, the Debtors expressly reserve all rights to amend, modify or supplement their Schedules to reflect the same, as necessary and appropriate in their business judgment.

18.     Classifications.  Listing a claim on Schedule D as "secured," on Schedule E as "unsecured priority" or on Schedule F as "unsecured non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," respectively, is not and shall not be deemed or construed as an admission or determination by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim, contract or lease.

     i.     Secured Claims.  Except as otherwise agreed pursuant to a stipulation approved by, or final order entered by, the Bankruptcy Court, the Debtors and their estates expressly reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed as having a secured claim.  Moreover, although claims may be scheduled as secured, no current valuation of the underlying assets in which creditors may have a lien has been undertaken.  The Debtors further reserve all rights to dispute or challenge the secured nature of any claims listed on the Schedules or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related thereto.

ii.    <u>Priority Claims</u>.  Except as otherwise agreed pursuant to a stipulation approved by, or final order entered by, the Bankruptcy Court, the Debtors expressly reserve all rights to assert that any claim listed as unsecured priority does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code.

iii.    <u>Contracts/Leases</u>. Except as otherwise agreed pursuant to a stipulation approved by, or final order entered by, the Bankruptcy Court, the Debtors further expressly reserve all rights, claims and causes of action with respect to the contracts and leases listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim.

iv.    The listing of any contract or lease in the Schedules is not and shall not be deemed or construed as an admission or determination by the Debtors that such contract or lease is an executory contract or unexpired lease, respectively, or is binding, valid and enforceable.  The Debtors expressly reserve all rights, claims and causes of action with respect to the contracts and leases listed on Schedule G are expressly reserved and preserved, including, without limitation, the right to:  (a) assert that any contract or lease listed on Schedule G is not an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code; (b) dispute the validity, status or enforceability of any contract or lease set forth in the Schedules; (c) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim; and (d) amend, modify or supplement the Schedules and Statements to reflect any of the foregoing, as necessary and appropriate in their business judgment.

## SCHEDULES OF ASSETS AND LIABILITIES

19.    **Schedule A**.  Schedule A includes, without limitation, both the real property and buildings or structures located thereon owned by the Debtors.  Although the Debtors may have values recorded for such owned property on their books, the Debtors believe book value does not accurately reflect the market value of such owned property.

20.    **Schedule B5**.  Values shown for the artwork listed in Schedule B5 are based on appraisal values determined under one of three standard valuation methods—fair market value, insurance replacement value or income stream value.  Because differentiation of, and attribution with respect to, ownership of each piece of artwork among the Debtors would be prohibitively expensive and unduly burdensome, all artwork is listed on Schedule B5 of NPPI.

21.    **Schedule B16**.  Unless otherwise indicated, accounts receivable are presented gross, but without consideration for credit memos, refunds and other similar credits offsetting customers' accounts receivable balances.  Bad debt reserves, which are established and reviewed monthly, are not accounted for in the amounts represented in the Schedules.  Accounts receivable are presented without consideration for any liabilities related to mutual counterparty accounts

payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtors. Similarly, accounts payable are shown without consideration for accounts receivable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held on behalf of the counterparty. To the extent that any net payables remain owing to any of the Debtors' customers, such amounts are not listed in Schedule B16 or Schedule F. Amounts are not payable to customers but, rather, are only applicable as offsets to accounts receivable arising from future purchases.

22.     **Schedule B18**. The Debtors included the total fully-determined and final amount of the insurance claim settlement on Schedule B18 ($527,825) for both Norwood Promotional Products, Inc. and Renaissance Publishing Company, LLC, because each Debtor is listed as the named insured under the applicable insurance policy, and the Debtors are unable to accurately allocate any specific amount to either Debtor. However, the total aggregate value of the asset for the Debtors is, collectively, $527,825.

23.     **Schedule B30**. Unless otherwise indicated, inventories are presented gross, without consideration for reserves established for obsolescence, slow-moving inventory, shrink or other reserve calculations.

24.     **Schedule D**. Unless otherwise indicated, (a) real property lessors, (b) utility companies, (c) parties which may hold security deposits, and (d) parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors or inchoate statutory lien rights, have not been listed on Schedule D. In addition, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Further, in certain instances, Debtors may be co-obligors, co-mortgagors or guarantors with respect to scheduled claims of other Debtors, and no claim on Schedule D of any of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Finally, although multiple parties hold debt under the Debtors' prepetition credit facilities, only the agent has been listed for purposes of Schedule D. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements is or shall be deemed or construed as a modification or interpretation of the terms of any such loan agreements or related documents.

25.     **Schedule E**. All claims listed on Schedule E are claims owing to various taxing authorities to which the Debtors may potentially be liable. The Debtors are unable to determine with complete certainty the amount of such claims and, therefore, have listed such claims as contingent, unliquidated and/or disputed. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority. In addition, as above-stated, the Bankruptcy Court has approved payments of certain employee-related claims pursuant to the First Day Orders and, as such, employee claims for wages, accrued vacation and certain other benefits, including, without limitation, medical expense reimbursements, have not been listed on Schedule E or F or included in the Statements.

K&E 14936591.6

26.     **Schedule F**.  The descriptions provided in Schedule F are intended only as a summary.  While the Debtors have attempted to relate liabilities to a particular Debtor entity, given the Debtors' consolidated operations, Schedule F for all Debtors in these cases should be reviewed for a complete understanding of the unsecured debts of the Debtors' estates.  In addition, the following is also noted with respect to Schedule F:

i.      The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  The Debtors have used their best efforts, to the maximum extent reasonably practicable under the circumstances, to determine the date upon which each claim in Schedule F was incurred or arose, however, it would be prohibitively expensive and unduly burdensome to include a date for each claim listed on Schedule F.  Additionally, unless otherwise indicated, Schedule F does not include deferred charges, deferred liabilities or general reserves, as such amounts are estimates only and do not represent specific claims as of the Petition Date.

ii.     The claims of individual creditors are shown at the amounts listed in the Debtors' books and records and, unless otherwise indicated, reflect neither credits and allowances due from such creditors nor contingent and unliquidated amounts relating to such claims.  To the extent credit balances exist between the Debtors and a vendor, these amounts are not included in the Schedules.  Amounts are not typically due and payable to the Debtors but, rather, are only applicable as offset to accounts payable arising from future purchases.  Similarly, certain creditors may owe amounts to the Debtors, and may have setoff and recoupment rights to the extent of such amounts.  The Debtors have not taken setoffs into account when scheduling the amounts owed to creditors and reserve all rights to challenge any setoff and/or recoupment rights asserted.

iii.    In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule F is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

iv.     Certain creditors may assert mechanics', materialmans' or other similar liens against the Debtors for amounts listed on Schedule F.  The Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by any creditor listed on Schedule F.

v.      Schedule F also contains information regarding potential, pending and closed litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in Schedule F for that Debtor.  Amounts for potential litigation-related claims are listed as unknown and

11

marked as contingent, unliquidated and disputed on Schedule F. In instances where litigation is brought against multiple Debtors, where possible, such litigation is listed on Schedule F of the appropriate Debtors. The Debtors expressly incorporate by reference into Schedule F all parties to potential, pending and closed litigation listed in Statements 4(a) as contingent, unliquidated and disputed claims not already listed thereon.

27. **Schedule G**. While the Debtors have used their best efforts, to the maximum extent reasonably practicable under the circumstances, to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred. In addition, the following is also noted:

    i.    In the ordinary course of business, the Debtors may have: (a) entered into contracts or leases in the ordinary course of business, including, without limitation, indemnity agreements, supplemental agreements, side letter agreements and confidentiality agreements; and/or (b) modified, amended or supplemented contracts and leases listed on Schedule G from time to time by entering into or agreeing to various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements, any or all of which may not be set forth in Schedule G.

    ii.    Schedule G may not include certain stand alone purchase orders for goods or equipment or nondisclosure agreements. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such documents are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

    iii.    Certain contracts and leases listed on Schedule G may have been entered into by more than one Debtor, and the specific Debtor to certain contracts and leases could not be specifically ascertained in every circumstance. In such cases, where a contract or lease party remained uncertain, such contracts and leases have been listed on Schedule G for Norwood Promotional Products, Inc.

    iv.    Certain Debtors may have entered into contracts with third parties for the benefit of another Debtor. For the purposes of Schedule G, contracts have been listed only where that Debtor is an actual party to the contract. The omission of any contract from Schedule G to which a Debtor is an intended beneficiary is not and shall not be deemed or construed as a waiver of any rights the Debtor may have in respect of that contract, including enforcement rights or the right to recover damages for breach of such contract.

K&E 14936591.6

v.      Certain contracts and leases listed on Schedule G may have expired, while others may never have been memorialized and, thus, could be subject to dispute. In some instances, agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge.

vi.     Omission of a contract or lease from Schedule G is not and shall not be deemed or construed as an admission or determination by the Debtors that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the listing of a contract or lease on Schedule G is not and shall not be deemed or construed as an admission or determination by the Debtors that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable.

28.     **Schedule H**. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and the inclusion of a Debtor on Schedule H of another Debtor is not and shall not be deemed or construed as an admission or determination by the Debtors of liability for the claim for which the co-Debtor is listed.

## STATEMENTS OF FINANCIAL AFFAIRS

29.     **Statement 2**. From time to time, the Debtor may have *de minimis* income from sources other than the operation of business that will not appear on Statement 2.

30.     **Statement 3b**. In the list of payments under Statement 3b, the Debtors have not included ordinary course payments made to employees for wages, compensation, expenses or other benefits. To the extent an employee is a creditor (notwithstanding the First Day Motion), such employee's claim may be entitled, in whole or in part, to priority treatment in accordance with section 507 of the Bankruptcy Code.

31.     **Statement 3c**. Emily A. Steckel and Kyle S. Steckel are listed as insiders on Statement 3c of NPPI because they are relatives of William S. Steckel, a former Chief Financial Officer of Debtors. In addition, Keith A. Maib, the Debtors' current Executive Vice President, Chief Financial Officer and Treasurer is not included on Statement 3c. Despite being an officer of the Debtors, Mr. Maib holds his position at the Debtors through the employment arrangement among the Debtors and Mackinac Partners, LLC ("Mackinac"), the restructuring advisory firm the Debtors retained in these chapter 11 cases. Under the terms of Mackinac and Mr. Maib's engagement, the Debtors compensate Mackinac (as reflected on Statement 9) who, in turn, pays Mr. Maib directly.

32.     **Statement 9**. The obligations of the Debtors are paid primarily by NPPI and, as such, payments relating to debt counseling or bankruptcy appear only in Statement 9 of NPPI.

33.     **Statement 13**. In the ordinary course of business, the Debtors and their customers setoff mutual obligations pursuant to terms agreed upon by the parties including, among others, rebate deductions and credit memos, and such ordinary course setoff amounts are not included in Statement 13.

13

34. **Statement 20**.  The inventory amounts listed in response to Statement 20 reflect facilities in which a perpetual inventory system is utilized.  The inventory is continuously agreed to the stock on hand and reconciled with the Debtors' books and records.  Parameters are established in the perpetual inventory system that instruct the operators responsible for the cycle counting process which area and locations are required to be counted.  Inventory is updated based on these perpetual counts, and if a discrepancy exists, appropriate accounting records are updated accordingly.

35. **Statement 21b**.  Included in the list of officers and directors as of the Petition Date is Keith A. Maib, who, as above-noted, serves as the Debtors' current Executive Vice President, Chief Financial Officer and Treasurer through Mackinac pursuant to an engagement arrangement approved by order of the Bankruptcy Court.

K&E 14936591.6

# UNITED STATES BANKRUPTCY COURT

In re   NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.

Debtor

Case No.   09-11547

Chapter   11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHE (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | | | |
| C - Property Claimed As Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $128,227,225.63 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | | |
| G - Executory Contracts and Unexpired Leases | Yes | 5 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | |
| J - Current Expenditures of Individual Debtor(s) | No | | | | |
| TOTAL | | 16 | $0.00 | $128,227,225.63 | |

In re  **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**          Case No.   09-11547
                                    Debtor                                                                    (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | $0.00 | UNKNOWN |
| | | Total | | |

(Report also on Summary of Schedules)

Sheet no. 1 of 1 sheet(s) attached to
Schedule of Real Property

In re  **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**          Case No.   09-11547
_____                 _____
                    Debtor                                            (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | X | | | |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | X | | | |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |

Sheet no. 1 of 4 sheets attached to
Schedule of Personal Property

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  INTERESTS IN INSURANCE POLICIES.  NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1).  GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | | 100% COMMON STOCK INTEREST IN NORWOOD PROMOTIONAL PRODUCTS, INC. | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | X | | | |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED.  GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |

In re **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**          Case No.   09-11547

Debtor          (if known)

## SCHEDULE B - PERSONAL PROPERTY

**(Continuation Sheet)**

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |

In re **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**    Case No.    09-11547
_____    _____
Debtor                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | X | | | |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | X | | | |
| | | | Total | $0.00 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

In re  **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**

Debtor

Case No.  09-11547

(if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>THE BANK OF NEW YORK, AS ADMINISTRATIVE AGENT<br>600 EAST LAS COLINAS BLVD.<br>SUITE 1300<br>IRVING, TX  75039 | | | HOLDINGS CREDIT AGREEMENT, DATED AS OF AUGUST 16, 2004<br><br>VALUE    Unknown | X | X | X | $128,227,225.63 | UNKNOWN |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Creditors Holding Secured Claims

|  | Subtotal<br>(Total(s) of this page) | $128,227,225.63 | |
|---|---|---|---|
|  | Total<br>(Use only on the last page) | $128,227,225.63 | |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

**\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.**

In re **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**  Case No.  09-11547
_____     _____
Debtor                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | |
| NONE | | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet no. 3 of 3 sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal | | | |
| | Total | | | |
| | Totals | | | |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| NONE | | | | | | | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of                Subtotal

Creditors Holding Unsecured Nonpriority Claims               Total

# SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ACE USA<br>1133 AVE OF THE AMERICAS<br>NEW YORK CITY, NY  10036 | COMMERCIAL UMBRELLA POLICY<br>EFFECTIVE DATE: 1/1/2009 |
| AICCO, INC.<br>777 S FIGUEROA ST # 1401<br>LOS ANGELES, CA  90017-5800 | PREMIUM FINANCE AGREEMENT DISCLOSURE STATEMENT AND SECURITY AGREEMENT<br>EFFECTIVE DATE: 11/17/2008 |
| AICCO, INC.<br>777 S FIGUEROA ST # 1401<br>LOS ANGELES, CA  90017-5800 | PREMIUM FINANCE AGREEMENT DISCLOSURE STATEMENT AND SECURITY AGREEMENT<br>EFFECTIVE DATE: 8/14/2008 |
| AICCO, INC.<br>777 S FIGUEROA ST # 1401<br>LOS ANGELES, CA  90017-5800 | PREMIUM FINANCE AGREEMENT DISCLOSURE STATEMENT AND SECURITY AGREEMENT - D&O<br>EFFECTIVE DATE: 11/17/2008 |
| AIG<br>1000 E.WOODFIELD DR.<br>SCHAUMBURG, IL  60173 | AIG -PAYMENT AGREEMENT (JANUARY 1, 2006)<br>EFFECTIVE DATE: 1/1/2006 |
| ARGONAUT INSURANCE COMPANY<br>P.O. BOX 974641<br>DALLAS, TX  75397-4941 | WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY # WC-46-666-460040<br>EFFECTIVE DATE: 1/1/2004 |
| ARGONAUT INSURANCE COMPANY<br>P.O. BOX 974641<br>DALLAS, TX  75397-4941 | WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY # WC-46-678-460040<br>EFFECTIVE DATE: 1/1/2005 |
| AVENUE SPECIAL SITUATIONS FUND III, LP<br>535 MADISON AVE FL 15<br>NEW YORK, NY  10022-4274 | SERIES A CONTINGENT VALUE RIGHTS<br>EFFECTIVE DATE: 7/30/2007 |
| AVENUE SPECIAL SITUATIONS FUND III, LP<br>535 MADISON AVE FL 15<br>NEW YORK, NY  10022-4274 | SERIES A CONTINGENT VALUE RIGHTS<br>EFFECTIVE DATE: 7/30/2007 |

Sheet no. 1 of 5 sheet(s) attached to Schedule of
Executory Contracts and Unexpired Leases

# SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BANC OF AMERICA SECURITIES LLC<br>8210 INNOVATION WAY<br>CHICAGO, IL  60682-0082 | LETTER AGREEMENT<br>EFFECTIVE DATE: 1/14/2005 |
| BANC OF AMERICA SECURITIES LLC<br>8210 INNOVATION WAY<br>CHICAGO, IL  60682-0082 | LETTER AGREEMENT<br>EFFECTIVE DATE: 2/25/2005 |
| BRADLEY SCHER<br>56 HARRISON<br>SUITE 203A<br>NEW ROCHELLE, NY  10801 | SCHER AND SHORTEN - DIRECTOR RELEASES (FULLY EXECUTED 4-3-08)<br>EFFECTIVE DATE: 4/3/2008 |
| BUILT NY INC.<br>520 BROADWAY<br>FL 2<br>NEW YORK, NY  10012 | SETTLEMENT AGREEMENT WITH MUTUAL RELEASES<br>EFFECTIVE DATE: 9/12/2005 |
| CHUBB GROUP<br>15 MOUNTAIN VIEW RD<br>WARREN, NJ  07059 | CHUBB GROUP INSURANCE COMPANIES-POLICY BINDER INLAND MARINE (2009)<br>EFFECTIVE DATE: 1/1/2009 |
| CHUBB GROUP<br>15 MOUNTAIN VIEW RD<br>WARREN, NJ  07059 | CHUBB GROUP OF INSURANCE COMPENSATION -- GENERAL TERMS AND CONDITIONS<br>EFFECTIVE DATE: 8/16/2008 |
| CHUBB GROUP<br>15 MOUNTAIN VIEW RD<br>WARREN, NJ  07059 | CHUPP-D&O BINDER LETTER (AUGUST 16, 2008)<br>EFFECTIVE DATE: 8/16/2008 |
| COUNSEL FOR PARTIES TO THE ROLLER LITIGATION<br>THOMAS ROLLER<br>12900 CLAY CENTER ROAD<br>CARMEL, IN  46032 | STIPULATION FOR DISMISSAL OF CLAIMS OF PLAINTIFF THOMAS B. ROLLER, WITH PREJUDICE |
| CREDIT SUISSE LOAN FUNDING LLC<br>227 W MONROE ST<br>FLOOR 42<br>CHICAGO, IL  60606 | CVR POWER<br>EFFECTIVE DATE: 7/30/2007 |
| CREDIT SUISSE LOAN FUNDING LLC<br>227 W MONROE ST<br>FLOOR 42<br>CHICAGO, IL  60606 | CVR POWER<br>EFFECTIVE DATE: 7/30/2007 |

# SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CREDIT SUISSE LOAN FUNDING LLC; AVENUE SPECIAL SITUATIONS FUND III, LP<br>535 MADISON AVE<br>FLOOR 15<br>NEW YORK, NY  10022 | ASSIGNMENT AND TRANSFER INSTRUCTIONS<br>EFFECTIVE DATE: 7/30/2007 |
| CREDIT SUISSE LOAN FUNDING LLC; AVENUE SPECIAL SITUATIONS FUND III, LP<br>535 MADISON AVE<br>FLOOR 15<br>NEW YORK, NY  10022 | ASSIGNMENT AND TRANSFER INSTRUCTIONS<br>EFFECTIVE DATE: 7/30/2007 |
| CREDIT SUISSE LOAN FUNDING LLC; AVENUE SPECIAL SITUATIONS FUND III, LP<br>535 MADISON AVE<br>FLOOR 15<br>NEW YORK, NY  10022 | CONSENT TO ASSIGNMENT AND TRANSFER<br>EFFECTIVE DATE: 7/30/2007 |
| CREDIT SUISSE LOAN FUNDING LLC; AVENUE SPECIAL SITUATIONS FUND III, LP<br>535 MADISON AVE<br>FLOOR 15<br>NEW YORK, NY  10022 | CONSENT TO ASSIGNMENT AND TRANSFER<br>EFFECTIVE DATE: 7/30/2007 |
| DELTA DENTAL<br>P.O. BOX 30416<br>LANSING, MI  48909 | DELTA DENTAL-AMENDMENT TO DENTAL PLAN (SIGNED JULY 1, 2008)<br>EFFECTIVE DATE: 7/1/2008 |
| DELTA DENTAL<br>P.O. BOX 30416<br>LANSING, MI  48909 | DELTA DENTAL-EXPLANATION OF RATE DEVELOPMENT (2008)<br>EFFECTIVE DATE: 7/1/2008 |
| FM GLOBAL<br>P.O. BOX 7500<br>JOHNSON, RI  02919 | FM GLOBAL - INSURANCE POLICY (NOVEMBER 1, 2008)<br>EFFECTIVE DATE: 11/1/2008 |
| GOLDMAN SACHS<br>85 BROAD STREET<br>NEW YORK, NY  10004 | LETTER AGREEMENT<br>EFFECTIVE DATE: 1/14/2005 |
| GOLDSMITH AGIO HELMS<br>225 S 6TH STREET<br>46TH FLOOR<br>MINNEAPOLIS, MN  55402-4601 | LETTER AGREEMENT<br>EFFECTIVE DATE: 1/14/2005 |

# SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| JAMES PRESTON<br>1 ROBINDALE DRIVE<br>ST. LOUIS, MO  63124 | NONDISCLOSURE AGREEMENT<br>EFFECTIVE DATE: 7/1/2004 |
| JULIE BECK<br>29 HIBBS LANE<br>NEW HOPE, PA  18938 | CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT<br>EFFECTIVE DATE: 2/20/2008 |
| KATHLEEN BURNS<br>4545 NORTH PENNSYLVANIA STREET<br>INDIANAPOLIS, IN  46205 | BURNS, KATHLEEN - SETTLEMENT AGREEMENT (FULLY EXECUTED 11-15-2007)<br>EFFECTIVE DATE: 11/15/2007 |
| KATHLEEN RAVOTTI<br>4545 N. PENNSYLVANIA ST.<br>INDIANAPOLIS, IN  46205 | CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT<br>EFFECTIVE DATE: 11/15/2007 |
| LOU DIBARI, DAVID ROGALSKI, KURT SPITLER AND JEFF DALY<br>401 INDUSTRIAL PARK DRIVE<br>LAWRENCEVILLE, GA  30045-4696 | CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br>70 PINE ST<br>NEW YORK, NY  10270-0002 | DIRECTORS & OFFICERS RUN-OFF LIABILITY INSURANCE BINDER<br>EFFECTIVE DATE: 10/31/2003 |
| PAUL LAGE<br>3820 FALLS CIRCLE<br>CARMEL, IN  46033 | EMPLOYMENT AGREEMENT<br>EFFECTIVE DATE: 2/29/2008 |
| RICHARD SHORTEN<br>694 WEED STREET<br>NEW CANAAN, CT  06840 | SCHER AND SHORTEN - DIRECTOR RELEASES (FULLY EXECUTED 4-3-08)<br>EFFECTIVE DATE: 4/3/2008 |
| SPERRY, MITCHELL & CO., INC.<br>595 MADISON AVENUE<br>THIRTIETH FLOOR<br>NEW YORK, NY | AGREEMENT<br>EFFECTIVE DATE: 2/13/2006 |
| SSG CAPITAL ADVISORS, L.P.<br>FIVE TOWER BRIDGE<br>300 BARR HARBOR DR<br>WEST CONSHOHOCKEN, PA  19428 | LETTER AGREEMENT<br>EFFECTIVE DATE: 1/14/2005 |

In re  **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**                    Case No.   09-11547

Debtor                                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| SSG CAPITAL ADVISORS, L.P.<br>FIVE TOWER BRIDGE<br>300 BARR HARBOR DR<br>WEST CONSHOHOCKEN, PA  19428 | LETTER AGREEMENT<br>EFFECTIVE DATE: 1/14/2005 |
| THE HARTFORD<br>2 PARK AVENUE<br>5TH FLOOR<br>NEW YORK, NY  10016 | THE HARTFORD-RENEWAL UNIVERSAL EXCELL POLICY (2008)<br>EFFECTIVE DATE: 8/16/2008 |
| THE STANDARD FIRE INSURANCE<br>1100 SW 6TH AVE<br>PLAN ADMINISTRATOR<br>PORTLAND, OR  97204 | THE STANDARD FIRE INS. POLICY - FLOOD GENERAL POLICY RENEWAL NOTICE<br>EFFECTIVE DATE: 7/21/2008 |
| THE STANDARD FIRE INSURANCE<br>1100 SW 6TH AVE<br>PLAN ADMINISTRATOR<br>PORTLAND, OR  97204 | THE STANDARD FIRE INS.POLICY - FLOOD GENERAL POLICY RENEWAL<br>EFFECTIVE DATE: 8/24/2008 |
| THE STANDARD FIRE INSURANCE<br>1100 SW 6TH AVE<br>PLAN ADMINISTRATOR<br>PORTLAND, OR  97204 | THE STANDARD FIRE INS-FLOOD GENERAL POLICY ENDORSEMENT<br>EFFECTIVE DATE: 8/24/2008 |
| THOMAS B. ROLLER<br>C/O WOOD & WOOD PRODUCTS<br>400 KNIGHTSBRIDGE PKWY<br>LINCOLNSHIRE, IL  60069 | CONFIDENTIALITY AGREEMENT<br>EFFECTIVE DATE: 3/1/2006 |
| THOMAS B. ROLLER, JOYCE JOHNSON-MILLER, FRANK BELLIS, ROBERT BOULWARE, GRANT LYON, DAVID SCHEIBER, YVONNE MARSH, ING INVESTMENTS, LLC, ROBERT WILSON, ALIXPARTNERS LLP, LAWRENCE E. YOUNG AND AMERICAN APPRAISAL ASSOCIATES, INC.<br>THOMAS ROLLER<br>12900 CLAY CENTER ROAD<br>CARMEL, IN  46032 | CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT<br>EFFECTIVE DATE: 6/30/1905 |
| XL SPECIALTY INSURANCE COMPANY<br>70 SEAVIEW AVENUE<br>STAMFORD, CT  06902-6066 | A-SIDE MANAGEMENT LIABILITY BINDER<br>EFFECTIVE DATE: 8/16/2008 |
| XL SPECIALTY INSURANCE COMPANY<br>70 SEAVIEW AVENUE<br>STAMFORD, CT  06902-6066 | A-SIDE MANAGEMENT LIABILITY INSURANCE POLICY<br>EFFECTIVE DATE: 8/16/2008 |

Sheet no. 5 of 5 sheet(s) attached to Schedule of
Executory Contracts and Unexpired Leases

In re  **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**          Case No.   09-11547

Debtor                                                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Codebtors

In re  **NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC.**                    Case No.  **09-11547**

Debtor                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Keith Maib, the Chief Financial Officer of Norwood Promotional Products Holdings, Inc. , declare under penalty of perjury that I have read the foregoing summary and schedules and that they are true and correct to the best of my knowledge, information, and belief.

Date  July 3, 2009                    Signature

Keith Maib

[Print or type name of individual signing on behalf of debtor.]

Chief Financial Officer

[Indicate position or relationship to debtor]

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.