UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : | Case No. 09-11547(PJW) |
| **NPPI Holdings, Inc., *et al,*** | : | Jointly Administered |
| Debtors. | : |  |
|  | : | **Related to Docket No.** 23, 506 |

## REVISED ORDER APPROVING THE DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS DEBTORS' FINANCIAL ADVISORS AND INVESTMENT BANKERS

Upon the Application of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") for an order authorizing the employment and retention of Houlihan, Lokey, Howard & Zukin Capital ("Houlihan Lokey") ("Houlihan Lokey")as investment banker/financial advisor to the Debtors pursuant to Section 327(a), 328(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including any and all declarations in support of the Application; and pursuant to that certain letter agreement dated February 19, 2009 (as the same may have been and may further be amended, supplemented or modified from time to time, the "Letter Agreement"), a copy of which is annexed as Exhibit "C" to the Application; and and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(6)(2), and (c) notice of the Application was due and proper under the circumstances; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and it appearing that Houlihan Lokey neither holds nor represents any interest adverse to the Debtors or

their estates with respect to the matters on which Houlihan Lokey is to be employed and is a "disinterested person" as required by Section 327(a) of the Bankruptcy Code; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby,

ORDERED, that the Application is granted as provided herein; and it is further

ORDERED, that, as modified by this Order, and in accordance with 11 U.S.C. §§ 327(a) and 328(a), Federal Rules of Bankruptcy Procedure 2014, and Local Rule 2014-1, the Debtors are authorized to employ and retain Houlihan Lokey in accordance with the terms and conditions set forth in the Application and the Letter Agreement, effective *nunc pro* tunc to the Petition Date; and it is further

ORDERED, that Houlihan Lokey shall be compensated in accordance with the terms of the Houlihan Lokey Agreement, and, in particular, all of Houlihan Lokey's fees and expenses in these cases, including without limitation the Monthly Fee through July 2009 and the Transaction Fees (as defined in the Letter Agreement), are approved pursuant to Bankruptcy Code section 328(a); and it is further,

ORDERED that, notwithstanding the approval of Houlihan Lokey's retention pursuant to section 327 of the Bankruptcy Code and approval the of the terms of the engagement under section 328(a) of the Bankruptcy Code, the United States Trustee (the "U.S. Trustee") shall be permitted to review the Transaction Fee (but not the Monthly Fees in the event such fees are credited against the Transaction Fee) pursuant to the reasonableness standards set forth in section 330 of the Bankruptcy Code; provided, however, that in determining the reasonableness of the Transaction Fee under section 330, a factor to be considered is whether the Transaction Fee is comparable to the range of fees paid to investment bankers in comparable transactions both in and outside of court in this and

other Districts as provided in section 330(a)(3)(F) of the Bankruptcy Code; and provided, further, that the number of hours spent by Houlihan Lokey's personnel during its engagement or during any given monthly period thereof shall not be the sole factor in and of itself as to the reasonableness of the Transaction Fee or the Monthly Fee. Neither the U.S. Trustee nor Houlihan Lokey shall rely upon this provision as binding precedent in any other chapter 11 proceedings; and it is further

ORDERED, that notwithstanding anything in the Letter Agreement to the contrary, Houlihan Lokey shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, and it is further,

ORDERED, that the Debtors will reimburse Houlihan Lokey for fifty percent (50%) of the reasonable legal fees (the "Legal Fees") of Houlihan Lokey's legal counsel incurred in connection with Houlihan Lokey's retention in these bankruptcy cases and the enforcement of its rights hereunder, including without limitation, in connection with fee disputes and objections to Houlihan Lokey's fees by any party in these cases, and it is further,

ORDERED, that Houlihan Lokey may file its final fee application in accordance with the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court in order to be heard at the next omnibus hearing, which currently is scheduled on November 17, 2009, and it is further,

ORDERED, that Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications that, in light of services to be provided by Houlihan Lokey and the structure of Houlihan

Lokey's compensation pursuant to the Agreement, Houlihan Lokey and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Agreement; provided, however, that Houlihan Lokey shall instead present to the Court summary descriptions of those services provided on behalf of Norwood, the approximate time expended in providing those services and the individuals who provided professional services on behalf of Norwood; and it is further;

ORDERED, that the indemnification provisions set forth in the Letter Agreement are hereby approved, subject during the pendency of these cases to the following:

(a) subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Letter Agreement) in accordance with the Letter Agreement for any claim arising from, related to, or in connection with the services provided for in the Letter Agreement; notwithstanding any provisions of the Letter Agreement to the contrary,

(b) the Debtors shall have no obligation to indemnify Houlihan Lokey or provide contribution or reimbursement to Houlihan Lokey (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Houlihan Lokey's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Houlihan Lokey's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), *infra*, to be a claim or expense for which Houlihan Lokey should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

(c) if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Houlihan Lokey makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the contribution provisions in the Engagement Letter shall not apply; and

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Letter Agreement (as modified by this Order), including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefor in this Court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Houlihan Lokey for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey.

(e) any limitation on liability pursuant to the terms of the Letter Agreement shall be eliminated;

and it is further;

ORDERED, that Wells Fargo Bank, National Association ("Escrow Agent"), acting as escrow agent under that certain Escrow Agreement, by and between Norwood Promotional Products, Inc., dated July 3, 2009 (the "Escrow Agreement"), shall release an amount as set forth on Schedule "A" hereto of the Escrowed Funds (as that term is defined in the Escrow Agreement) to Houlihan Lokey (the "Funds Recipient") by wire transfer to the bank account specified in Schedule "B" hereto, and it is further

ORDERED, that $930,000, which is an amount equal to (i) the $600,000 Financing

Transaction Fee, (ii) the $300,000 Amendment Transaction Fee and (iii) $30,000, which is an approximation of fifty percent (50%) of the Legal Fees, will continue to be held as Escrowed Funds pursuant to the Escrow Agreement, provided, however, that in accordance with paragraph 19 of the Application, if there are no objections to Houlihan Lokey's final fee application, upon (i) the entry of a final non-appealable order approving Houlihan Lokey's final fee application and (ii) full and final payment of the fees and expenses sought therein, Houlihan Lokey will voluntarily waive payment of the Financing Transaction Fee and the Amendment Transaction Fee, and it is further

ORDERED, that nothing in the Application or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claims; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern, and it is further

ORDERED that the Debtors are authorized and empowered to take, and shall take, all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that notwithstanding the possible applicability of Federal Rules of Bankruptcy Procedure 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

SO ORDERED this _21_
day of _Oct 2009_

_Peter J. Walsh_
Peter J. Walsh
United States Bankruptcy Judge

-6-