IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NPPI HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 09-11547 (PJW)<br><br>Obj. Deadline: February 28, 2011 at 4:00 p.m.<br>Hearing Date: TBD |

**FIRST AND FINAL APPLICATION OF ARENT FOX LLP FOR APPROVAL OF
COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF
EXPENSES AS CO-COUNSEL TO THE POST-CONVERSION COMMITTEE
FOR THE PERIOD FROM DECEMBER 16, 2009 THROUGH FEBRUARY 9, 2011**

| | |
|---|---|
| Name of Applicant: | Arent Fox LLP |
| Authorized to Provide Professional Services to: | Post-Conversion Committee |
| Authorization: | Order dated December 16, 2009 [Docket No. 612]; Order dated January 19, 2011 [Docket No. 789] |
| Period for which compensation and reimbursement are sought: | December 16, 2009 (Conversion Date) through February 9, 2011 (Dissolution of PCC) |
| Amount of Compensation sought: | $266,580.00 |
| Amount of Expense Reimbursement sought: | $1,216.00 |

This is a(n):  monthly _____  interim _____  final application  X

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Norwood Promotional Products Holdings, Inc. (9391); Norwood Promotional Products, Inc. (4534); Norwood Operating Company, LLC (3446); Advertising Unlimited, LLC (4435); The McCleery-Cuming Company, LLC (2652); and Renaissance Publishing Company, LLC (2740). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

# ATTACHMENT B
# TO FEE APPLICATION

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrew I. Silfen (NY) | Partner since 2003. Member of NJ bar since 1986. Member of NY bar since 1987. | $830 | 1.50 | $1,245.00 |
| | | $810 | 8.60 | $6,966.00 |
| Schuyler G. Carroll (NY) | Partner since 2003. Member of NY bar since 1993. | $730 | 81.00 | $59,130.00 |
| | | $670 | 6.50 | $4,355.00 |
| Nancy Heermans (DC) | Partner since 2006. Member of DC bar since 1997. Member of NC bar since 1978. | $620 | 100.50 | $62,310.00 |
| Heike M. Vogel (NY) | Joined firm as an associate in 2005. Member of NJ bar since 2000. Member of NY bar since 2001. | $520 | 5.90 | $3,068.00 |
| Jeffrey Vanacore (NY) | Joined firm as an associate in 2003. Member of CO bar since 2001. Member of NY and NJ bars since 2003. | $520 | 29.50 | $15,340.00 |
| David J. Kozlowski (NY) | Joined firm as an associate in 2008. Member of NY bar since 2007. | $450 | 13.50 | $6,075.00 |
| Ronni N. Arnold (NY) | Joined firm as an associate in 2009. Member of NY bar since 2007. | $450 | 1.20 | $540.00 |
| | | $425 | 211.00 | $89,675.00 |
| | | $385 | 1.40 | $539.00 |
| Lisa Indelicato | Paralegal | $280 | 1.60 | $448.00 |
| | | $270 | 6.70 | $1,809.00 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Nova A. Constantino | Paralegal | $265 | 11.60 | $3,074.00 |
| Michael A. Smith | Paralegal | $260 | 42.80 | $11,128.00 |
| Chavah S. Gully | Paralegal | $250 | 1.10 | $275.00 |
| Allan G. Collins | Project Assistant | $160 | 0.70 | $112.00 |
| Tara Blackman | Project Assistant | $150 | 2.70 | $405.00 |
| Reference Library | Library | $215 | 0.40 | $86.00 |
| **TOTAL** | | | **$528.20** | **$266,580.00** |

Blended Rate: $504.70

# EXPENSE SUMMARY
## DECEMBER 16, 2009 THROUGH FEBRUARY 9, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| Database Search | Pacer | $706.78 |
| Duplicating Summary | | $314.40 |
| Overnight Delivery | Federal Express | $23.66 |
| Phone Charges | | $171.16 |
| **TOTAL** | | **$1,216.00** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NPPI HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 09-11547 (PJW)<br><br>Obj. Deadline: February 28, 2011 at 4:00 p.m.<br>Hearing Date: TBD |

## FIRST AND FINAL APPLICATION OF ARENT FOX LLP FOR APPROVAL OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL TO THE POST-CONVERSION COMMITTEE FOR THE PERIOD FROM DECEMBER 16, 2009 THROUGH FEBRUARY 9, 2011

Arent Fox LLP ("Arent Fox") hereby files this First and Final Application for Approval of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Co-Counsel to the Post-Conversion Committee (the "PCC") of NPPI Holdings, Inc., et al. (the "Debtors") for the period from December 16, 2009 through February 9, 2011 (the "Application"). By this Application, Arent Fox seeks an allowance with respect to sums of $266,580.00 for compensation and $1,216.00 for reimbursement of actual and necessary expenses for a total of $267,796.00 for the period from December 16, 2009 through and including February 9, 2011 (the "Compensation Period"). In support of this Application, Arent Fox respectfully represents as follows:

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Norwood Promotional Products Holdings, Inc. (9391); Norwood Promotional Products, Inc. (4534); Norwood Operating Company, LLC (3446); Advertising Unlimited, LLC (4435); The McCleery-Cuming Company, LLC (2652); and Renaissance Publishing Company, LLC (2740). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

## Background

1. On March 5, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Court").

2. On July 15, 2009, the Court approved the retention of Arent Fox as Co-Counsel to the Official Committee of Unsecured Creditors (the "Committee") *nunc pro tunc* to May 14, 2009 [Docket No. 331].

3. Pursuant to an order dated November 24, 2009, these cases were converted to Chapter 7 of the Bankruptcy Code [Docket No. 576].

4. On November 30, 2009, Alfredo T. Giuliano was appointed as the Interim Trustee/Trustee of the estates of the Debtors, which appointment remains in effect [Docket No. 577].

5. On December 16, 2009, the Court entered an *Order (I) Denying Motion of the Official Committee of Unsecured Creditors for an Order Authorizing the Creation of the GUC Trust, the Approval of the GUC Trust Agreement, and the Appointment of the GUC Trustee, and Establishing a Hearing Date Thereon; and (II) Authorizing the Post-Conversion Continuation of the Committee* (the "PCC Continuation Order")[2] [Docket No. 612], which order established the PCC, and permits and allows Arent Fox to continue as counsel to the PCC.

6. After the PCC Continuation Order, the Chapter 7 Trustee and the PCC entered extensive negotiations and filed multiple motions to extend the existence of the PCC to allow the parties additional time to reach agreement with respect to the distribution of certain funds being held by the PCC (the "Escrow Funds") and related issues and disputes [see Docket Nos. 670,

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the PCC Continuation Order.

674, 688, 702, and 717]. These motions were granted by the Court [see Docket Nos. 676, 684, 696, 716, and 730]. The PCC made two further motions to extend the existence of the PCC [746, and 766], which were objected to by the U.S. Trustee [Docket Nos. 751 and 773] and the Chapter 7 Trustee [Docket Nos. 753 and 768]. These motions were consensually continued to December 16, 2010 and ultimately resolved by the Settlement Stipulation (as defined herein), which provides for the PCC's existence to continue until the Escrow Funds are transferred to the Chapter 7 Trustee. Settlement Stipulation at ¶ 5.

7. On July 19, 2010, the Chapter 7 Trustee filed a motion to approve a settlement stipulation between the PCC and the Chapter 7 Trustee [Docket No. 732], to which the U.S. Trustee objected [Docket No. 776]. The Chapter 7 Trustee's motion was subsequently withdrawn on November 8, 2010 [Docket No. 777].

8. On December 16, 2010, the Chapter 7 Trustee filed a new motion to approve a second settlement stipulation between the PCC and the Chapter 7 Trustee (the "Settlement Stipulation") [Docket No. 783]. On January 19, 2011, the Court entered an order approving the Settlement Stipulation (the "Settlement Order") [Docket No. 789]. The Settlement Stipulation provides for the dissolution of the PCC once the Escrow Funds are transferred to the Chapter 7 Trustee. Settlement Stipulation at ¶ 5. The funds were transferred on February 9, 2011, and thus the dissolution of the PCC occurred on that date.

### Compensation Paid and Its Source

9. All services for which compensation is requested by Arent Fox were performed for or on behalf of the PCC. The PCC Continuation Order specifically permits the fees and expenses of counsel to the PCC. PCC Continuation Order at ¶ 4. The Settlement Stipulation requires that an estimate of the fees and expenses of PCC Professionals be submitted to the

Chapter 7 Trustee prior to the transfer of the Escrow Funds, and that the Chapter 7 Trustee set aside and reserve an amount equal to the estimate to pay PCC Professionals' fees and expenses. Settlement Stipulation at ¶ 4, 6. Arent Fox provided the requisite notice via email on February 2, 2011. The funds set aside and reserved shall be used to pay PCC Professionals after such Professionals file final fee applications, and such fee applications are approved by the Court. Settlement Stipulation at ¶ 6. This Application is Arent Fox's final fee application pursuant to the Settlement Stipulation, and replaces and supersedes any and all previously filed applications for compensation of Arent Fox filed in the Compensation Period [see Docket Nos. 686, 687, 689, 703, and 706].

## Time Records

10. A copy of the time records for the Compensation Period is attached hereto as Exhibit A. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for this period.

## Actual and Necessary Expenses

11. A summary of the actual and necessary expenses incurred by Arent Fox during the Compensation Period is attached hereto as Exhibit B. While representing the PCC in these cases, Arent Fox limited its photocopying expenses to $.10 per page and its charges for outgoing facsimile transmissions to $1.00 per page, in accordance with the local rules. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

12. Regarding providers of on-line legal research (e.g., WESTLAW), Arent Fox charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal Arent Fox's actual cost. Arent Fox currently is under

contract to pay these providers a flat fee every month. Charging its clients the on-line providers' standard usage rates allows Arent Fox to cover adequately the monthly flat fees it must pay to these types of providers.

13. Arent Fox believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Arent Fox believes that such charges are in accordance with the guidelines of the American Bar Association ("ABA"), as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

14. The partners and associates of Arent Fox who have rendered professional services in these cases in representing the PCC in the Compensation Period are Andrew I. Silfen, Schuyler Carroll, Nancy Heermans, Heike Vogel, Jeffrey Vanacore, David J. Kozlowski and Ronni N. Arnold. Lisa Indelicato, Nova A. Constantino, Michael A. Smith, Chavah S. Gully, Allan G. Collins and Tara Blackman are paraprofessionals of Arent Fox who have also rendered services in these cases.

15. Arent Fox, by and through the above-named persons, has submitted pleadings to the Court for consideration on behalf of the PCC, advised the PCC with respect to various matters in connection with these cases, negotiated with the Chapter 7 Trustee and the Office of the United States Trustee and responded to discovery served with respect to the disputes resolved by the Settlement Stipulation, and performed all necessary professional services which are described below.

### Summary of Services

16.     The services rendered by Arent Fox during the Compensation Period are generally described below, with a more detailed identification of the actual services provided set forth on Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A.

Protecting Rights of General Unsecured Creditors With Respect To The Escrow Funds

17.     Arent Fox, on behalf of the PCC, spent a significant amount of time analyzing issues surrounding the orders and settlements approved in these cases, the distribution of the Escrow Funds to unsecured creditors, and the rights of unsecured creditors. Arent Fox also spent time communicating and negotiating with counsel to the Chapter 7 Trustee regarding the terms of a settlement agreement governing such distribution. After extensive negotiations throughout the Compensation Period, the PCC and the Chapter 7 Trustee resolved their differences and disputes with respect to the distribution of the Escrow Funds, the terms of which were memorialized in the heavily negotiated Settlement Stipulation.

Responding to Discovery Served by the United States Trustee

18.     On August 12, 2010, the United States Trustee served discovery requests on the PCC; namely, *Request for Production of Documents Pursuant to Fed. R. Bankr. P. 7034 and First Set of Interrogatories to Arent Fox, LLP as Counsel for Post-Conversion Committee and the Post-Conversion Committee with Respect to the Motion to Approve Compromise under Rule 9019 by and Between the Chapter 7 Trustee and the Post-Conversion Committee Regarding Distribution of the Escrowed Funds Pursuant to Fed. R. Bankr. P. 9019* [Docket No. 744]. Arent Fox analyzed and summarized the discovery requests for the PCC, and on October 15,

2010, the PCC served their combined objections and responses to the *United States Trustee's First Set of Interrogatories and Request for Production of Documents* [Docket No. 767].

Committee and Debtor Communications; Additional Inquiries

19. Throughout the Compensation Period, Arent Fox communicated with the PCC and PCC Professionals, and responded to various inquiries from creditors and other parties in interest.

Fee Applications

20. Arent Fox reviewed its monthly invoices and prepared this Application.

**Valuation of Services**

21. Attorneys and paraprofessionals of Arent Fox have expended a total of 528.20 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Andrew I. Silfen | 1.50 | $830 |
|  | 8.60 | $810 |
| Schuyler G. Carroll | 81.00 | $730 |
|  | 6.50 | $670 |
| Nancy Heermans | 100.50 | $620 |
| Heike M. Vogel | 5.90 | $520 |
| Jeffrey Vanacore | 29.50 | $520 |
| David J. Kozlowski | 13.50 | $450 |
|  | 1.20 | $450 |
| Ronni N. Arnold | 211.00 | $425 |
|  | 1.40 | $385 |

| PARAPROFESSIONALS | HOURS | HOURLY RATE |
|---|---|---|
| Lisa Indelicato | 1.60 | $280 |
|  | 6.70 | $270 |
| Nova A. Constantino | 11.60 | $265 |
| Michael A. Smith | 42.80 | $260 |
| Chavah S. Gully | 1.10 | 4250 |
| Allan G. Collins | 0.70 | $160 |
| Tara Blackman | 2.70 | $150 |
| Reference Library | 0.40 | $215 |

The nature of the work performed by these persons is fully set forth in Exhibit A. These are Arent Fox's normal hourly rates for work of this character. The reasonable value of the services rendered by Arent Fox to the PCC during the Compensation Period is $266,580.00.

22. It is respectfully submitted that the amount requested by Arent Fox is fair and reasonable given (a) the complexity of these cases and the issues in dispute, (b) the amount of money in dispute and the impact on unsecured creditors, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, (f) the costs of comparable services in other cases, and (g) that the services rendered were and contemplated and provided for under the PCC Continuation Order and Settlement Order.

*(Remainder of page intentionally left blank.)*

WHEREFORE, Arent Fox respectfully requests that the Court authorize that for the period from December 16, 2009 through February 9, 2011, an allowance be made to Arent Fox with respect to the sum of $266,580.00 as compensation for the necessary professional services rendered, and the sum of $1,216.00 as reimbursement of the actual and necessary expenses incurred, for a total of $267,796.00 and that such sums be authorized for payment;[3] and for such other and further relief as this Court may deem just and proper.

Dated: February 11, 2011
New York, NY

Respectfully submitted,

ARENT FOX LLP

  /s/ Andrew I. Silfen
Andrew I. Silfen
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

- and -

ELLIOTT GREENLEAF
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399

*Co-Counsel for the Post-Conversion Committee of NPPI Holdings, Inc., et al.*

---

[3] At the hearing, Arent Fox will submit an estimate of the amount incurred with respect to preparing, filing, and prosecuting this Application, which amount should not exceed $7,500.00. Arent Fox requests that upon submission to the Chapter 7 Trustee of invoices related to these services, the Chapter 7 Trustee be allowed to pay such fees and expenses without further order of this Court.