IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NPPI Holdings, Inc., *et al.*,[1] | Case No. 09-11547 (PJW) |
| | (Substantively Consolidated) |
| Debtors. | Hearing Date: October 24, 2013 at 2:00 p.m. |
| | Objection Deadline: October 15, 2013 at 4:00 p.m. |

**TRUSTEE'S SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CLAIMS PURSUANT TO 11 U.S.C. § 502,
FED. R. BANKR. P. 3007 AND DEL. BANKR. L.R. 3007-1**

Alfred T. Giuliano (the "Trustee"), the chapter 7 trustee for the substantively consolidated estates of NPPI Holdings, Inc., *et al.* (the "Debtors"), files this second omnibus objection (non-substantive) to claims pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 (the "Motion"), and, in support thereof, states the following:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1.

**Background**

4. On May 5, 2009, the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: NPPI Holdings, Inc (9391); NPPI, Inc. (4534); NPPI Sub 1, LLC (3446); NPPI Sub 2, LLC (4435); NPPI Sub 3, LLC (2652); and NPPI Sub 4, LLC (2740).

5. On May 7, 2009, by way of an order, the Court directed the joint administration of the Debtors' chapter 11 cases [D.I. 35].

6. On November 24, 2009, the Court entered an order converting the chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [D.I. 576].

7. On November 30, 2009, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee of the estates, which appointment remains in effect [D.I. 577].

8. On August 10, 2011, the Court entered an Order Directing the Substantive Consolidation of the Debtors' Estates [D.I. 835].

9. The Trustee has reviewed the claims filed with the Bankruptcy Court in these cases in order to determine if any claims are inaccurate, invalid, improper, late or otherwise objectionable.

10. The deadline to file claims in these cases was April 14, 2010. The deadline for governmental agencies to file claims in these cases was June 1, 2010. *See* D.I. 596.

11. The claimants listed on **Exhibit A** filed duplicate claims, asserting the same claim amount arising under the same circumstances in each filed claim. The Trustee seeks to expunge the claims listed on **Exhibit A.**

12. The claimants listed on **Exhibit B** did not provide any supporting documentation. The Trustee seeks to expunge the claims listed on **Exhibit B.**

13. The claimants listed on **Exhibit C** filed claims which amended a previously filed claim. The Trustee seeks to expunge the claims listed on **Exhibit C.**

14. The claimants listed on **Exhibit D** filed claims after the bar date for claims to be filed. The Trustee seeks to expunge the claims listed on **Exhibit D.**

15. The claim listed on **Exhibit E** was not correctly noted on the Court's claims register. The Trustee seeks to have the claims register corrected to reflect the correct name of the claimant.

16. The Trustee submits that, to the best of his knowledge, the information contained in the Exhibits attached to this Motion is true and correct. Furthermore, the attorneys for the Trustee certify that they have reviewed Del. Bankr. L.R. 3007-1, and this Motion complies with said Rule.

## Relief Requested

17. By this Motion, the Trustee respectfully requests the entry of an Order expunging the claims listed in the attached **Exhibits A through D** as set forth in those exhibits and to correct the claims register as set forth in **Exhibit E** pursuant to 11 U.S.C. § 502(a), Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1. The

18. Section 502(a) provides that a claim filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. Rule 3007 provides that an objection must be in writing and filed with at least thirty (30) days' notice of any hearing regarding the objection. Local Rule 3007-1 sets forth the specific procedures for categorizing objections to claims and what information must be included in the motion.

19. The Trustee submits that there is sufficient basis to expunge the claims as set forth in attached **Exhibits A through D,** and to correct the claims register as set forth in **Exhibit E.**

## Reservation of Rights

20. In this Motion, the Trustee has raised certain objections to claims filed against the Debtor in this chapter 7 case. By this reservation, the Trustee reserves the right to amend,

modify or supplement this Motion and the objections therein. Furthermore, should one or more of the grounds for objection stated herein be dismissed or overruled, the Trustee reserves the right to object to each of the claims on other grounds. The Trustee further reserves any and all claims, rights or remedies he may have against the claimants addressed in this Motion with respect to any amounts owed to the Debtors or the Trustee pursuant to Chapter 5 of the Bankruptcy Code.

### Notice

21.   Notice of this Motion has been given to the Debtors, the Office of the United States Trustee, all parties who have requested notice pursuant to Fed. R. Bank. P. 2002 and claimants who are the subject of this Motion at the address provided on the filed proof of claim. All claimants have received a copy of the Motion, as well. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that the Court determine that such notice is proper and adequate.

22.   The Trustee submits that, to the best of his knowledge, the information contained in the Exhibits attached to this Motion is true and correct. Furthermore, the attorneys for the Trustee certify that they have reviewed Del. Bankr. L.R. 3007-1, and this Motion complies with said Rule.

WHEREFORE, the undersigned respectfully requests that the Court enter an order expunging the claims as set forth in **Exhibits A through D** and correcting the claims register as set forth in **Exhibit E** and for such other and further relief as is just.

**FOX ROTHSCHILD LLP**

By:  /s/ Seth Niederman
Seth Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 1300
Wilmington, DE  19801-3046
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Magdalena Schardt, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2009/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
mschardt@foxrothschild.com

Attorneys for Alfred T. Giuliano, Chapter 7 Trustee for the estates of NPPI Holdings, Inc., *et al.*

Dated:  September 20, 2013